**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

  vs.                                                       CIVIL NO. 08-946 JEC/LFG
                                                                   CRIM. NO. 05-246 JEC

RAMON CAMPOS-GUEL,

    Defendant-Movant.

**ORDER DENYING CAMPOS-GUEL'S REQUEST
TO FILE UNTIMELY OBJECTIONS**

THIS MATTER is before the Court on Defendant-Movant Ramon Campos-Guel's ("Campos") "Motion to File Objections Due [sic] Mitigating Circumstances," filed March 30, 2009. [Doc. 9.] There is no need for a response. The Motion will be denied for the reasons set out below.

On February 19, 2009, the Court filed a Report and Recommendation ("R&R"), recommending that Campos' § 2255 motion by denied and that the matter be dismissed, with prejudice. [Doc. 6.] On February 19, 2009, the R&R was mailed to Campos at his present location of incarceration via the United States Postal Service. [Doc. 6, Notice of Electronic Delivery.] A letter duly mailed is presumed to have been received. *See* Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co., 373 F.3d 1100, 1109 (10th Cir. 2004) (*citing* Witt v. Roadway Express, 136 F.3d 1424, 1429-30 (10th Cir.1998)) (properly addressed piece of mail creates a rebuttable presumption of receipt . . . when "placed in the care of the postal service").

1

Campos does not argue that he did not receive the R&R, not does he claim that he was unable to submit timely objections due to the date he received the R&R. [Doc. 9.] Instead, Campos claims that a "few days after Plaintiff [Campos] filed § 2255 petition, Plaintiff was assaulted . . . and . . . placed in segregated housing" where he had no access to a law library or legal materials. [Doc. 9, p. 1.] He further states that he did not know there was a deadline to file objections because had been in segregated housing since September 27, 2008. [Id.]

Campos actually filed his § 2255 petition on October 14, 2008, after the date Campos claims to have been placed in segregated housing. [Doc. 1.] Thus, there is no indication that Campos was unable to submit pleadings to the Court or receive them during the time he was in segregated housing. Accordingly, Campos failed to rebut the presumption that he received the R&R and the ensuing Judgment from the Court.[1]

Moreover, the R&R clearly explained that any objections that the parties intended to file were due no later than ten days after the R&R was served on the parties, or by no later than March 10, 2009. [Doc. 6, n. 1.] The R&R further specified: "A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed." [Id.]

Campos did not file any objections within the deadline for doing so, nor did he seek an extension of time from the Court within the ten-day period for filing his objections. On March 16, 2009, after the deadline for filing objections passed, the Court entered an Order adopting the R&R

---

[1] Indeed, Campos' present motion indicates he received the R&R and the Judgment as he states he allegedly did not understand there was a deadline to file objections.

and a Judgment in favor of the United States, with the result that Campos § 2255 petition was dismissed, with prejudice. [Doc. Nos. 7, 8.] As of that date, the case was closed.

Because Campos did not provide good cause for reopening the case or sufficient grounds to allow him to file untimely objections to the R&R, the Court denies his request to file late objections in a case that was already closed.

IT IS THEREFORE ORDERED that Campos' Motion to File Objections [Doc. 9] is DENIED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge