**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

  vs.
                                    CIVIL NO. 08-946 JEC/LFG
                                            CRIM. NO. 05-246 JEC

RAMON CAMPOS-GUEL,

      Defendant-Movant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on two pleadings filed April 16, 2009, by Plaintiff Ramon Campos-Guel ("Mr. Campos"): (1) Writ of Habeas Corpus" and (2) "Motion to Re-Open Case Due to Magistrate Judge Lacking the Authority or Jurisdiction to Rule on or Close this Case and 'R&R' Not Ever Having Been Received by Mr. Campos-Guel." [Doc. Nos. 14 and 16.] On April 16, 2009, Mr. Campos also wrote a letter addressed to the Clerk of the Court, asking that his "motion . . . be heard and ruled on by the assigned Judge (Article III to my case, the Honorable John E. Conway," . . . and that it "not be sent to Magistrate Judge Lorenzo Garcia because he has neither the jurisdiction nor the authority to rule on these motions." [Doc. 15.]

**Procedural Background**

On October 14, 2008, Mr. Campos filed a § 2255 motion to vacate, set aside or correct sentence. [Doc. 1.] On that same date, the undersigned Senior District Court Judge John E. Conway and the Chief Magistrate Judge Lorenzo F. Garcia were assigned to the case.  The case was before

1

Chief Magistrate Judge Garcia on an Order of Reference [Doc. 17], directing the Magistrate Judge to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the District Court an ultimate disposition of the case, in accordance with  28 U.S.C. § 636(b)(1)(B) and provisions of 28 U.S.C. § 636 (b)(1)(B), and Virginia Beach Federal Savings & Loan Association v. Wood, 901 F.2d 849 (10th Cir. 1990).  The Order of Reference authorized Magistrate Judge Garcia  to submit proposed findings of fact and a recommended disposition to the undersigned District Judge assigned to the case, *i.e.,* Senior District Court Judge Conway.  Title 28 U.S.C. § 636 allows the parties to file written objections to the proposed findings and recommendations, after which the district court judge assigned to the case shall make a *de novo* determination of those portions of the findings and recommendation to which an objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

On February 19, 2009, in accordance with the Magistrate Judge's authority, Judge Garcia issued a report and recommendation ("R&R"), recommending that Mr. Campos' § 2255 motion be denied and that the case be dismissed, with prejudice. [Doc. 6.] The R&R further provided that any objections were due by March 10, 2009. [Doc. 6, n. 1.] No objections were filed, and on March 16, 2009, District Judge Conway entered an Order Adopting Judge Garcia's R&R that the case be dismissed and a Judgment in favor of the Plaintiff-Respondent United States. [Doc. Nos. 7, 8.]

As of March 16, 2009, the case was closed by Order and Judgment of the undersigned judge. However, on March 30, 2009, Mr. Campos filed a motion requesting an extension of time to file belated objections to the February 19 R&R. [Doc. 9.] Mr. Campos argued that "mitigating circumstances" justified his filing late objections to the R&R.  However, Magistrate Judge Garcia

was unpersuaded that there was any justification to allow Mr. Campos to file his objections late, especially here when the Court already adopted the R&R and entered judgment in favor of the United States. [Doc. 11.]  Indeed, as aptly noted by Judge Garcia, Mr. Campos' original request for an extension did not state that he did not receive the R&R.  His request for extension referred several times to Judge Garcia's R&R.  For example, contrary to his present argument that he never received the R&R [Doc. 16, p.1], Mr. Campos' earlier motion for extension asked that he be given "more time to object to the Magistrate Judge's Findings and Disposition . . . ." [Doc. 9, p. 1.]  He further requested that he be given "the necessary time to be able to prepare and file objections in regards to the Magistrate Judge's Findings and Disposition of Plaintiff's § 2255 motion to vacate." [Doc. 9, p. 2.]

In its Order denying the request for extension, the Magistrate Judge correctly observed that when the R&R was filed on February 19, 2009, it was mailed via U.S. Postal Service to Mr. Campos at his present location of incarceration. [Doc. 6, Notice of Electronic Delivery.]  It is well-established law that a letter duly mailed is presumed to have been received.  *See* Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co., 373 F.3d 1100, 1109 (10th Cir. 2004) (*citing* Witt v. Roadway Express, 136 F.3d 1424, 1429-30 (10th Cir. 1998)) (properly addressed piece of mail creates a rebuttable presumption of receipt . . . when "placed in the care of the postal service").

While Mr. Campos now argues that he did not file any objections to the original R&R because he never received it [Doc. 16, p. 1], his earlier position was that he had been in segregated housing, had no access to legal materials, and was unaware of a deadline to file objections. [Doc. 9.] Yet, he did not argue in the earlier request for extension that he never received the R&R.  Indeed, his references to the R&R belie any such contention.

**Motions**

Mr. Campos' "Writ of Habeas Corpus" [Doc. 16] and his "Motion to Re-Open Case" [Doc. 14] both argue that he should be permitted to file late objections to the R&R and that the Magistrate Judge improperly, or without authority, denied the motion for extension.   Thus, the Court characterizes both Mr. Campos' motions as a motion to reconsider the Magistrate Judge's Order denying Mr. Campos' previous request for an extension of time to file objections.  *See* Trujillo v. Board of Educ. of Albuquerque Public Schools, 212 F. App'x 760, 765 (10th Cir. Jan. 7, 2007) (while the plaintiff captioned his motion as a Rule 59(e) motion, the district court construed it as a motion for reconsideration, which was proper since the district court is not bound by a *pro se* litigant's characterization of available relief) (internal citation omitted).

The federal rules generally do not recognize a "motion for reconsideration."  *See* Warren v. Am. Bankers Ins. of Fl., 507 F .3d 1239, 1243 (10th Cir. 2007).  Ordinarily, a motion asking a court to reconsider a final judgment is brought under either Fed. R. Civ. P. 59 or 60.  *See id.*  Rule 59 motions to alter or amend a judgment must be filed within 10 days after the Court enters judgment. Fed. R. Civ. P. 59(e).  Here, it appears that Mr. Campos' April 16, 2009 motions were brought within 10 days after the Court entered its second entry of judgment on April 6, 2009. [Doc. 13.] While the second judgment addressed Mr. Campos' March 30, 2009 pleading, the Court will liberally construe the motions as having been brought under Rule 59 within 10 days after entry of judgment.

Under Rule 59(e), a "motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." Smith v. U.S., __ F. 3d __, 2009 WL 820177, *13, n. 8 (10th Cir. Mar. 31, 2009) (internal citation omitted).  Mr. Campos did not

present any new evidence in his two motions nor did he demonstrate manifest error by the

Magistrate Judge's denial of the motion for extension to file objections.  In the present two motions,

Mr. Campos rehashes the same argument that the Magistrate Judge examined and rejected in his

earlier request, i.e., that he never received the R&R.  However, he also states that even if he had

received the R&R, which he referred to in his earlier request, he could not have filed timely

objections because he was in segregation without access to legal materials or the law library.  "It is

only now that he (Campos-Guel) is able to file these [sic] paperwork because his cellmate is doing

them for him." [Doc. 14, p. 2.]

As noted by the Magistrate Judge, Mr. Campos was purportedly in segregation when he filed

his original § 2255 motion.  He argued in his initial request for an extension of time that he was in

segregated housing since September 27, 2008. [Doc. 9, p. 1.] Even so, Mr. Campos was able to file

his § 2255 petition on October 14, 2008, apparently while in segregated housing. [Doc. 1.] Thus, the

Court does not find that Mr. Campos provided new evidence that demonstrates he did not receive

the Court's R&R, was not informed of the 10-day time limit to file objections, or did not have access

to the law library, thereby preventing him from mailing objections or a timely request for an

extension of time.  Moreover, under the circumstances of this case, Mr. Campos provided no

argument or evidence to demonstrate a manifest error of law was committed.

Similarly, Mr. Campos' argument that the Magistrate Judge lacked authority to make

recommendations or rulings in this case is without merit.  He either misapprehends or simply

misunderstands the role of a Magistrate Judge.  In the Inventory of Magistrate Judge Duties, an

official publication of the Administrative Office of the United States Courts (3d ed. 1999), the role

of a Magistrate Judge is defined as follows:

> A United States Magistrate Judge is a judicial officer of the United
> States District Court.  The authority that the Magistrate exercises is
> the jurisdiction of the court itself, delegated to the Magistrate Judge
> by the District Judges of the court under governing authority and
> local rules of court.
>
> Magistrate Judges serve as adjuncts to the Article III district courts
> and not as Article I judges.  Congress has clearly provided that a
> Magistrate Judge's role is to assist Article III judges rather than serve
> as a lower tier court.

Id. at p. 1.

The Federal Magistrate Act authorizes Magistrate Judges to perform numerous tasks.  *See*

28 U.S.C. §§ 636(b) and (c); Gomez v. United States, 490 U.S. 858, 867-70 (1989) ( discussing the

various tasks that a Magistrate Judge is authorized to perform).  So, too, numerous provisions of the

U.S. Code vest Magistrate Judges with specific authority to perform a wide range of responsibilities.

Finally, recognizing the utility of Magistrate Judges and the significance of their assistance

to Article III judges, Congress wisely authorized, "A Magistrate may be assigned such additional

duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636

(b)(3).

In United States v. Ciapponi, 77 F.3d 1247 (10th Cir.), *cert. denied,* 517 U.S. 1215 (1996),

the court spoke to this "additional duties clause" and stated:

> The legislative history of the Magistrates Act demonstrates that, in
> enacting the "additional duties" clause, Congress intended to aid
> overburdened District Courts with their caseloads by significantly
> expanding the duties which may be delegated to a magistrate judge
> to permit greater use of magistrate judges as judicial officers.

Id. at 1250 (*citing* United States v. Williams, 23 F.3d 629, 632-33 (2d Cir. 1994)).  The District of

New Mexico greatly utilizes their Magistrate Judges, and, pursuant to directives of the District's

chief and active judges, all full-time Magistrate Judges are delegated the responsibility of

performing all preliminary pretrial proceedings in the District Court.  Thus, to the extent Mr.

Campos argues that the Magistrate Judge lacked authority to issue his proposed findings and

recommended disposition or to deny his extension to file objections after judgment was entered, he

is mistaken or misperceives the role of a Magistrate Judge.

### Conclusion

For all of the above-stated reasons, the Court denies Mr. Campos' two motions that the Court

construes as a Rule 59(e) motion to reconsider.

IT IS THEREFORE ORDERED that:

(1) the Writ of Habeas Corpus" [Doc. 14] is DENIED; and

(2) the "Motion to Re-Open Case Due to Magistrate Judge Lacking the Authority or

Jurisdiction to Rule on or Close this Case and 'R&R' Not Ever Having Been Received by Mr.

Campos-Guel" [Doc. 16] is DENIED.

s/John Edwards Conway

SENIOR U.S. DISTRICT JUDGE